*Ripley & Conrad* for the defendant.

---

## LAFONTA vs. POULTZ.

6NS 391
e114 444

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendants sold to the plaintiffs a note, purporting to be endorsed by Philipon without endorsing it; Philipon being sued by the plaintiff avowed that the signature on the back of the note was a forgery, thereupon the plaintiff cited the defendant, requiring him to contest Philipon's plea, and praying judgment against him in case it was supported.

The defendant pleaded that the plaintiffs action against him was premature, the general issue and collusion between the plaintiff and Philipon.

The district court dismissed the action against the defendant, being of opinion that two distinct and seperate causes of action were cumulated.

The jury gave a verdict in favor of Philipon.

Eastern Dist.
January, 1827

LAFUNTA
vs.
POULTZ.

The plaintiff appealed from the judgment of the court, dismissing Poultz.

The cumulation of actions is the forming together several demands against the same defendant. It is clear from the phraseology of the *code practice*, *art.* 149–152, that the legislature understood it so. Here two demands are made against *two* distinct defendants—the bringing such demands together is no where forbidden—and by a strong analogy to the case, of a vendee who resists a claim against the property sold, and calls in his vendor to contest the plaintiffs demand, and prays that in case the latter succeeds, he the vendee and defendant may have judgment against the person he brings in; the present action against the appellee is supported.

The appellee had sold to the appellant a paper, which although of no value appeared on its face to be valuable—it was literally nothing; the consideration of the sale is clearly recoverable on the establishment of the fact. The appellant took the best mode he could to recover the money from the endorser of the paper—this person averred it to be a forgery. The appellant, that he might not be charged with neglect, called on his vendor to resist the preten-

sions of the endorsers if they were unfounded, and prayed that if the endorser succeeded, he the plaintiff should have judgment against his vendee.

There is a close analogy between this case and that of vendee and warrantor—the same reasoning supports them both. A multiplicity of actions and delay are avoided by the mode referred to, and the best possible means is afforded to the party brought in, to establish the genuineness of the paper he sold—and it is very difficult to discover on what ground this mode of proceeding may be injurious to him.

It is therefore ordered, adjudged and decreed, that the judgment of the district court in favor of the appellee, be annulled, avoided and reversed, and the case remanded, with direction to the district court to proceed therein according to law, and it is ordered that the appellee pay cost in this court.

*Seghers* for the plaintiff, *Hennen & Morphy* for the defendant.